IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN AKOUALA,<br><br>Defendant. | Case No. 3:23-mj-534<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR CHANGE OF VENUE AND RECUSAL** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Richard M. Lee, Assistant United States Attorney, hereby files its response in opposition to Defendant's motion for a change of venue and recusal.

Akouala was charged by complaint for violating 18 U.S.C. § 115(b), threatening a federal employee. (Doc. 1.) The threatened victim is a Case Administrator in the Clerk of Court for the United Stated District Court in Fargo, North Dakota. The Defendant filed a motion and memorandum for a change of venue and for recusal. (Docs. 11, 12.) After filing the motion, United States Magistrate Judge Alice R. Senechal issued an order recusing herself from this case. (Doc. 13.)

## Change of Venue

Change of venue is not warranted in this case. Fed. R. Crim. P. 18 states: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."

Fed. R. Crim. P. 21 states:

(a) For Prejudice. Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

(b) For Convenience. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.

"The sixth amendment to the United States Constitution requires that a trial be held in the state and district where the crime was committed. However, a defendant does not have a right to be tried in a particular division." United States v. Stanko, 528 F.3d 581, 584 (8th Cir. 2008) (quoting United States v. Wipf, 397 F.3d 677, 686 (8th Cir.2005) (quoting United States v. Davis, 785 F.2d 610, 616 (8th Cir.1986)).

There is a two-tier analysis to determine whether pretrial publicity violates a criminal defendant's right to a trial by a panel of impartial and indifferent jurors. United States v. Petters, 663 F.3d 375, 385 (8th Cir. 2011). "At the first tier, the question is whether pretrial publicity was so extensive and corrupting that a reviewing court is required to presume unfairness of constitutional magnitude." United States v. Blom, 242 F.3d 799, 803 (8th Cir. 2001) (quotations omitted). "In all other cases, the change-of-venue question turns on the second tier of our analysis, whether the voir dire testimony of those who became trial jurors demonstrated such actual prejudice that it was an abuse of discretion to deny a timely change-of-venue motion." Id. "A motion to change venue must be granted if 'pretrial publicity was so extensive that a reviewing court is required

to presume unfairness of constitutional magnitude.'" United States v. Rodriguez, 581 F.3d 775, 785 (8th Cir. 2009) (quoting Blom, 242 F.3d at 803).

When considering a change of venue under Fed. R. Crim. P. 21(b), for convenience, the court should consider a number of factors including, "location of events likely to be in issue, location of possible witnesses, location of documents and records likely to be involved, expense to the parties, and location of counsel." United States v. Hardaway, 999 F.3d 1127, 1130 (8th Cir. 2021), cert. denied, 142 S. Ct. 1169 (2022) (quoting United States v. McGregor, 503 F.2d 1167, 1170 (8th Cir. 1974) (quoting Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240, 244, 84 S. Ct. 769 (1964)) (internal quotations omitted).

Here, a change of venue is not warranted. The United States is unaware of any publicity concerning this case in the media. A potential jury could not be prejudiced about a case or defendant with which they are unfamiliar. Further, a change of venue is unwarranted under Rule 21(b). The crime occurred in Fargo, the evidence is in Fargo, the witnesses reside in the Fargo area, and the defendant resides in the Fargo area. The defense has also cited no cases or authority supporting a change of venue.

Despite the threat occurring to a court employee, there is no basis to consider that the Defendant will be unable to secure a fair and impartial trial and jury. Therefore, the Defendant's motion for a change of venue should be denied.

**Recusal**

Recusal of the judges in this case is not required. 28 U.S.C. § 455 provides:

(a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)  He shall also disqualify himself in the following circumstances:

   (1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

   (2)  Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

   (3)  Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

   (4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

   (5)  He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

      (i)  Is a party to the proceeding, or an officer, director, or trustee of a party;

      (ii)  Is acting as a lawyer in the proceeding;

      (iii)  Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

      (iv)  Is to the judge's knowledge likely to be a material witness in the proceeding.

"The party seeking recusal bears the burden of rebutting the presumption that the presiding judge was impartial." United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (citing United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006)). Whether recusal is required is "an objective standard of reasonableness." United States v. Oaks, 606 F.3d 530, 536 (8th Cir. 2010). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Id. at 537.

In Oaks, the defendant argued that the district court abused its discretion when it denied his motion for recusal. 606 F.3d at 536. The defendant either sent threatening correspondence to the judge or made statements while in jail threatening the judge that were ultimately relayed to the judge. Id. Defense counsel objected to heightened security at a pretrial hearing fearing prejudice to the jury. Id. During a sidebar, the judge informed defense counsel that he deemed the defendant a threat which led to a motion for recusal which was denied. Id. In affirming the district court, the Eighth Circuit noted that the district court's comments did not indicate any deep-seated favoritism or antagonism that would make fair judgment impossible, the district court's rulings were legally sound, and there was no evidence suggesting any adverse rulings motived by judicial bias or prejudice. Id. at 537.

In Melton, the defendant argued that the district court committed plain error by not recusing *sua sponte* when the presiding judge witnessed the defendant, while being taken into marshal custody, become violent, fight with the marshals, causing injury to a marshal, and causing damage to courtroom furniture. 446 F.3d at 904-905. The Eighth

Circuit found that the district court did not commit plain error by failing to recuse itself and held that knowledge gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1). Id. at 906 (citing Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322, 1329–30 (8th Cir. 1985); accord Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 447–48 (2d Cir. 2005).

In Dehghani, the defendant, while awaiting sentencing, attempted to send a letter to a newspaper that contained a threat to the judge's life. United States v. Dehghani, 550 F.3d 716, 719 (8th Cir. 2008). The letter also alluded to the location to the judge's residence and referred to the judge's wife and stepson. Id. On appeal the defendant challenged the district court's denial of his motion for recusal. Id. at 721. In denying the motion, the district court concluded that the threat was an attempt to obtain a different sentencing judge, that the defendant did not have the capacity to carry out the threat. Id. The Eighth Circuit affirmed the defendant's conviction and sentence and found that empty threats against a judge does not require recusal. Id. at 722.

In Sundrud, the defendant punched a court security officer while inside a federal courthouse. United States v. Sundrud, 397 F. Supp. 2d 1230, 1231 (C.D. Cal. 2005). The assault was witnessed by three Assistant United States Attorneys and two judicial externs. Id. The defendant filed a motion for recusal of all judges in the Central District of California. Id. at 1233. In denying the defendant's motion, the court held "Generally, judges are not required to recuse when they have a casual relationship with a victim, attorney, witness, or litigant appearing before the court. Courts have recognized that elevation to the bench does not and should not require withdrawal from society." Id.

6

citing Sexson v. Servaas, 830 F.Supp. 475, 482 (S.D. Ind. 1993); United States v. Kehlbeck, 766 F.Supp. 707, 712 (S.D. Ind. 1990); Pennsylvania v. Local Union 542, Int'l Union of Operating Engineers, 388 F.Supp. 155, 157 (E.D. Pa. 1974).

Here, the United States is unaware of any facts that would require recusal. However, the United States recognizes that it is unfamiliar with the nature of the relationship between the judges and the victim and witnesses in this case. The United States recognizes that the judges assigned to this case are in the best position to determine whether recusal is necessary.

## Conclusion

For the foregoing reasons, the United States requests this Court issued an order denying the Defendant's motion for recusal and for a change of venue.

Dated: October 13, 2023

                              MAC SCHNEIDER
                              United States Attorney

By:   */s/ Richard M. Lee*
      RICHARD M. LEE
      Assistant United States Attorney
      ND Bar ID 07647
      655 First Avenue North, Suite 250
      Fargo, ND  58102-4932
      (701) 297-7400
      richard.lee3@usdoj.gov
      Attorney for United States